UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Raymond Karosas
    Plaintiff,
vs.

CASE NO.: 9:13cv81094

Northstar Location Services, LLC.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Raymond Karosas, an individual consumer, against Defendant, Northstar Location Services, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Raymond Karosas, is a natural person residing in Palm Beach County, Florida.

4. Defendant, Northstar Location Services, LLC, is a New York Limited Liability Company engaged in the business of collecting debt in this state with its principal place of business located at 4285 Genesee Street, Cheektowaga, NY 14225. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

1

## IV. FACTUAL ALLEGATIONS

7. On October 25, 2012 at 8:17 a.m. Defendant called Plaintiff's son's home telephone number and left the following message on Plaintiff's son's home phone voice mail: "Good morning, I'm calling with a very important message for Mr. Ray Karosas. Please have Ray return my call today, my name is Erik Dickson. I have been attempting to reach Ray for the better part of the last 30 days. I have sent correspondence to a West Palm Beach Florida Residence, it has been returned. I've also left several messages on several different phone numbers and there has still been no response. I'm deeply concerned because as of today we are pressed for time with regards to this matter. And this is referencing 12-538002. Today is now Thursday October twenty-fifth. I'm going to need to speak to Raymond Karosas today before 4:30 PM Eastern Standard Time. I have a toll-free number, 866 610 2731 my direct extension is 1132. This is not a solicitation. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Thank you."

8. Plaintiff does not live, and has never lived, in Plaintiff's son's home and has no access to Plaintiff's son's voice mail. The message was heard by Plaintiff's son and by members of Plaintiff's son's household.

9. Defendant was aware when leaving the October 25, 2012 message that Defendant was not leaving the voice mail at Raymond Karosas's phone number.

10. Defendant's voice mail was a communication in an attempt to collect a debt.

11. The alleged debt referred to in paragraph 7, and throughout this complaint, was incurred for personal, family, or household services.

12. On October 31, 2012 Defendant called Plaintiff's son's home phone number and left the following voice mail on Plaintiff's son's voice mail: "Good morning this is a confidential and very important message for Ray Karosas. This is Erik Dickson calling from Northstar Location Services. Please return the call today at toll-free 866 610 2731 my direct extension is 1132. This is not a solicitation or a sales call. And it is important I speak with Raymond Karosas today, Wednesday October thirty first before 8 PM. Thank you."

13. The October 31, 2012 message was heard by Plaintiff's son and by members of Plaintiff's son's household.

14. On November 1, 2012 Defendant called Plaintiff's son's home phone number and left the following voice mail on Plaintiff's son's voice mail: "Good morning this is a confidential and very important message meant solely for Mr Ray Karosas. Please have Mr. Karosas return my call today. It is imparitive that I speak to Ray Karosas today, Thursday November first before 3 PM Eastern Standard Time. I have a toll-free number 866 610 2731 my direct extension is 1132 There is a reference number of 12-538002. Once again I need to speak with Mr. Ray Karosas today Thursday November first before

2

3 PM Thank you."

15. The November 1, 2012 message was heard by Plaintiff's son and by members of Plaintiff's son's household.

16. On November 6, 2012 Defendant called Plaintiff's son's home phone number and left the following voice mail on Plaintiff's son's voice mail: "Good morning, I'm calling with a very important message for Mr. Ray Karosas. Please have Ray return my call today this is Erik Dickson with Northstar Location Services. I have a toll-free number 866 610 2731. My direct extension is 1132. There is a very important reference number of 12-538002. I need to speak with Ray, Today, Tuesday November 6. I'm in the office till about 4:30 PM Eastern Standard Time. Thank You."

17. The November 6, 2012 message was heard by Plaintiff's son and by members of Plaintiff's son's household.

18. On November 28, 2012 Defendant called Plaintiff's son's home phone number and left the following voice mail on Plaintiff's son's voice mail: "Hello this is a confidential and very important message meant solely for Ray Karosas. Mr. Karosas this is Erik Dickson I'm going to need a return phone call from you today sir. At toll-free 866 610 2731. My direct extension is 1132. Today is Wednesday November twenty-eighth I'm going to need to hear from you before 6 PM sir. Thank you. 866 610 2731."

19. The November 28, 2012 message was heard by Plaintiff's son and by members of Plaintiff's son's household.

20. As a result of the above stated actions by Defendant, Plaintiff suffered extreme embarrassment, headaches, depression, and physical deterioration.

## V. CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty above.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Failing to meaningful disclose callers identity in violation of 15 U.S.C § 1692(d)(6).

(b) Failing to disclose that calls were from a debt collector in violation of 15 U.S.C. § 1692(e)(11).

(c) Communicating with third parties in violation of 15 U.S.C. § 1692(c)(b).

(d) Communicating repeatedly with third parties with intent to annoy, abuse,

3

and harass in violation of 15 U.S.C. § 1682(d)

(e) Making false, deceptive, and misleading representations in connection with the collection of the debt in violation of 15 U.S.C. § 1682(e).

23. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff, Raymond Karosas, for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, plaintiff, Raymond Karosas, respectfully requests that judgment be entered against defendants, Northstar Location Services, LLC, for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k, and;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff, Raymond Karosas, demands trial by jury in this action.

Dated this 24th day of October, 2013.

Respectfully submitted,

ASSET SHIELD LAW GROUP
Attorneys for Defendants
4897 Jog Road
Greenacres, Florida 33467
Telephone: (561) 244-5308
CPosada@Assetshieldlaw.com

By: _____

Christian D. Posada, Esq.
Florida Bar No.: 484792

4